UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE J GRAHAM, et al., | Case No. 25-cv-06296-RFL |
| Plaintiffs, | |
| v. | **ORDER ON MOTIONS TO DISMISS, MOTION TO REMAND, AND *EX PARTE* MOTIONS** |
| DUPONT DE NEMOURS, INC., et al., | Re: Dkt. Nos. 15, 18, 21, 22, 25, 27, 30, 31, |
| Defendants. | 35, 36, 41, 46, 57, 79, 80, 83, 86, 91, 93, 94 |

This action arises from a contract dispute.  Plaintiffs Laurence and Betty Graham seek relief based on rescission of a deed, insofar as the deed determines their rights relating to underlying mineral leases of a property located in Virgina.  This is not the first time Plaintiffs have sought such relief.  Plaintiffs have filed at least four California state court actions seeking rescission-related relief regarding the deed, and those actions have been removed to federal court.  This Court dismissed the first action for lack of personal jurisdiction over the bulk of the defendants, and because plaintiffs failed to state a claim as to one defendant.  *Graham v. Dupont de Nemours, Inc.*, 24-cv-01551-RFL, 2025 WL 4229202 (Apr. 8, 2025) ("*Graham I*").  Two other actions were removed to the Central District of California and dismissed as duplicative of *Graham I*.[1]  Plaintiffs' fourth action is now before the Court.  (Dkt. No. 1 at 21–95 ("Compl.").)[2]

---

[1] *Graham v. DuPont De Nemours, Inc.*, No. 24-cv-09444, 2025 WL 464319 (C.D. Cal. Feb. 11, 2025); *Graham v. Dupont De Nemours, Inc.*, No. 25-cv-06135, 2026 WL 40833 (C.D. Cal. Jan. 6, 2026).

[2] Citations to page numbers refer to ECF pagination.

1

Plaintiffs' claim remains largely unchanged, with limited additional allegations regarding the ongoing nature of the alleged conduct.  Plaintiffs have also added more than a dozen new Defendants to the action.[3]  Plaintiffs move to remand this action to state court.  Defendants oppose remand, and each Defendant who has appeared moves to dismiss.  Plaintiffs have also filed several *ex parte* motions.  For the reasons discussed below, Plaintiffs' motions are **DENIED** and Defendants' motions are **GRANTED**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

### A.    Motion to Remand

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.  It is undisputed that the amount in controversy requirement is met, and diversity exists.  Plaintiffs are alleged to be citizens of California (Compl. ¶ 27 ("plaintiffs are residents of Alameda County California"), and none of the properly-joined Defendants are citizens of California.  (*See* Compl.; *see also* Dkt. No. 1 at 1–13 ("Removal Notice").)

In support of remand, Plaintiffs argue that "Betty [Graham] is a citizen of . . . Oregon and was on the date of removal," making her non-diverse because Titanium Metals and Precision Castparts are citizens of Oregon.  (Dkt. No. 86 at 23.)  However, the bare legal conclusion regarding Betty Graham's citizenship does not provide a basis for finding her to be a citizen of Oregon in the absence of factual allegations or record evidence supporting her domicile there, particularly given the many references in the record to Plaintiffs' California residence.  Plaintiffs

---

[3] The Defendants who have appeared in this action and in *Graham I* are:

> DuPont de Nemours, Inc.; Dow Chemical Co.; Dow, Inc., Corteva, Inc.; Chemours Co.; Iluka Resources, Inc.; Tronox LLC; Huntsman Corp.; Kronos (US), Inc.; Kronos Worldwide, Inc.; Titanium Metals Corp.; Venator Materials, LLC; Venator Material, plc; Occidental Petroleum Corp.; Kinder Morgan, Inc. (together, "*Graham I* Defendants").

The Defendants who have appeared in this action but not in *Graham I* are:

> Tronox Limited and Tronox Holdings PLC (together with Tronox LLC, "Tronox"); Iluka Resources (TN) LLC; Iluka Resources Limited; Precision Castparts Corp; Berkshire Hathaway Inc.; Charles O. Holliday, Jr.; Hunton Williams, and Hunton Andrews Kurth LLP, and Hunton & Williams LLP (together, "HAK"); Kenneth Reed Mayo and Reed Mayo Law Firm, P.C. (together, "Reed Mayo"); J-M Manufacturing Company Inc., d/b/a JM Eagle ("J-M"); Bank of America Corporation.

also argue that because Defendants HAK and J-M are citizens of California, no diversity jurisdiction exists.  However, the Court finds that HAK and J-M have been fraudulently joined and can be disregarded for purposes of the jurisdictional analysis.  With respect to these Defendants, there has been an "obvious" failure to state a claim.  *United Computer Sys., Inc. v. AT & T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002).

As the Court already explained in *Graham I* when plaintiffs sought leave to add HAK as a defendant, what Plaintiffs seek is relief based on rescission of an agreement (Compl. at 93–94), but HAK and J-M are not a party to that agreement.  *Graham I*, 2025 WL 4229202, at *3. Therefore, Defendants have presented an "extraordinarily strong" argument that Plaintiffs cannot possibly prevail on their claim against the fraudulently joined defendants.  *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018); *see also United Computer Sys., Inc.,* 298 F.3d at 761 (joinder was fraudulent where defendant was not "a party to any relevant contract on which plaintiff could predicate a claim").  Plaintiffs cannot possibly prevail on their claim for relief against HAK and J-M for the additional reason that there are no factual allegations of wrongdoing against either Defendant.  As to HAK, the Complaint only describes HAK's role as counsel to Iluka, which does not support a claim for relief.  (Compl. ¶¶ 69, 104); *see also Graham v. DuPont de Nemours, Inc.*, No. 24-cv-01551-RFL, 2024 WL 4703140, at *1–2 (N.D. Cal. Nov. 5, 2024).  "An attorney generally has no duty to third parties and cannot be held liable for acts committed on behalf of his client."  *Los Angeles Turf Club, Inc. v. Cushion Track Footing USA, LLC*, No. 08-cv-03034, 2009 WL 10670623, at *4 (C.D. Cal. Feb. 11, 2009) (collecting cases).  Likewise, the only non-conclusory factual allegation regarding J-M is that it is alleged to be a downstream user of minerals mined by Iluka (Compl. ¶ 102), and there is no possibility that Plaintiffs could state a claim for relief based on that fact.  Finally, none of Plaintiffs' other arguments provide a basis to remand this action.  The motion to remand is denied.

### B.    Motions to Dismiss

As a threshold matter, many of the Defendants' motions refer to the doctrine of "claim-

splitting" as a basis for dismissal of the claim against them.  Because a final judgment was entered in *Graham I*, the applicable doctrine is *res judicata* (either issue or claim preclusion). *See*, *e.g.*, *MGA Ent., Inc. v. Mattel, Inc.*, No. 11-cv-01063, 2011 WL 5007955, at *4 n.3 (C.D. Cal. Oct. 20, 2011).  However, because the same principles of *res judicata* underlie the claim splitting doctrine, the Court will consider Defendants' arguments regardless of label.  *Id.*

  ***Titanium Metals***.  The Court previously dismissed a materially identical claim brought by Plaintiffs against Titanium Metals for failure to state a claim, and that dismissal became a final dismissal on the merits, with prejudice.  *Graham I*, 2025 WL 4229202, at *3.  Therefore, Plaintiffs' renewed claim against Titanium Metals is barred under the doctrine of claim preclusion.  *See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).  Titanium Metals' motion to dismiss based on claim preclusion is granted.[4]

  ***Iluka.***[5]  The Court previously determined that it lacked personal jurisdiction over Iluka and dismissed a prior action on this basis as to Iluka.  *Graham I*, 2025 WL 4229202, at *3. Although dismissal for lack of personal jurisdiction is not a determination "on the merits of the claim," the doctrine of issue preclusion applies to the issue, and the Court only considers whether Plaintiffs have pled any "new facts . . . that would support a different result."  *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir. 1983).  The only new allegations that Plaintiffs identify are letters that were allegedly sent by or on behalf of Iluka to Plaintiffs at an address in California in 2023.  (Dkt. No 1 at 235–41.)  One letter, sent by counsel, attempts to arrange payment of royalties to Plaintiffs.  (*Id.* at 236.)  The other is a notice of termination of mining lease.  (*Id.* at 238.)  The alleged correspondence is insufficient to establish specific personal jurisdiction over Iluka with respect to Plaintiffs' claim.  *See Psynergy Enter. Devs. LLC v.*

---

[4] The Court does not reach alternative bases for dismissal in the motions to dismiss.

[5] Iluka Resources, Inc. is alleged to have merged with Iluka Resources Limited (Compl. ¶ 25) and is asserted to be the sole member of Iluka Resources (TN) LLC (Removal Notice ¶ 38). Therefore, the entities are in privity for purposes of the forgoing analysis and are referred to together as "Iluka."  *Tahoe-Sierra Preservation Council, Inc.*, 322 F.3d at 1081.

*Societa Agricola I.A.T.C. S.r.l.*, No. 25-cv-01937-RFL, 2026 WL 114454, at \*2–3 (N.D. Cal. Jan. 15, 2026).  Iluka's motion to dismiss for lack of personal jurisdiction is granted.

*Other* **Graham I** *Defendants*.  Issue preclusion also applies to the question of whether the Court has personal jurisdiction over the other *Graham I* Defendants, and Plaintiffs have not identified any new facts that would support a different result.  Therefore, the other *Graham I* Defendants' motions to dismiss based on lack of personal jurisdiction are granted.

*HAK, J-M, and Precision Castparts.*  The claims against HAK, J-M, and Precision Castparts are dismissed because Plaintiffs cannot state a claim against them upon which relief can be granted for the reasons already explained above in the Motion to Remand Section.  Like HAK and J-M, Precision Castparts is not alleged to be a party to the agreement at issue and there are no non-conclusory factual allegations of wrongdoing against it.  (Compl. ¶ 98.)  HAK, J-M, and Precision Castparts' motions to dismiss for failure to state a claim are granted.

*Remaining Defendants*.  Plaintiffs have not alleged facts supporting general or specific personal jurisdiction against the remaining Defendants with respect to their claim.  With respect to Reed Mayo, the letters sent on behalf of Iluka and addressed to Plaintiffs in California in 2023 do not create personal jurisdiction over Reed Mayo.  *See Psynergy Enter. Devs. LLC*, 2026 WL 114454, at \*2–3.  Similarly, the relationship between the remaining Defendants' alleged general commercial activities in California and Plaintiffs' claim relating to mineral leases in Virginia is too attenuated to support specific personal jurisdiction.  The remaining Defendants' motions to dismiss for lack of personal jurisdiction are granted.

### C.    Conclusion

For the forgoing reasons, Plaintiffs' Motion to Remand (Dkt. Nos. 86, 93) is **DENIED**. Defendants' Motions to Dismiss (Dkt. Nos. 15, 18, 21, 22, 25, 27, 30, 31, 35, 36, 41, 46, 57, 91, 94) are **GRANTED** as follows:

- Titanium Metals is dismissed with prejudice and without leave to amend because the claim against it is barred under the doctrine of claim preclusion.
- HAK, J-M, and Precision Castparts are dismissed for failure to state a claim.

Because the Court previously advised Plaintiffs in *Graham I* of the deficiencies in their claims, and in light of the fact that Plaintiffs have now filed at least four separate duplicative actions naming overlapping defendants, the Court finds that further amendment would be futile and would likely be in bad faith.  Therefore, dismissal is without leave to amend and with prejudice.

- Iluka, DuPont de Nemours, Inc.; Dow Chemical Co.; Dow, Inc., Corteva, Inc.; Chemours Co.; Huntsman Corp.; Kronos (US), Inc.; Kronos Worldwide, Inc.; Venator Materials, LLC; Venator Material, plc; Occidental Petroleum Corp.; Kinder Morgan, Inc.; Tronox; Berkshire Hathaway Inc., Charles Holliday; Reed Mayo; and Bank of America Corporation are dismissed for lack of personal jurisdiction.  Dismissal is without prejudice.

Plaintiffs' *ex parte* motions (Dkt. Nos. 79, 80, 83) are **DENIED** for failure to show good cause for requesting *ex parte* relief.  *See Graham*, 2026 WL 40833, at *4.

With respect to Defendants Ineos Group Limited, INEOS Enterprises US Holdco LLC, Ineos Pigment USA Inc., National Industrialization Company, Sam Alexander, and Frederick L. Pirkle (together, "Non-appearing Defendants"), the time to complete service of process has passed and Plaintiffs have not filed proof of service, nor have these Defendants appeared. Plaintiffs are **ORDERED TO SHOW CAUSE** as to the status of service of summons on Non-appearing Defendants by **March 6, 2026**.  Failure to respond will result in dismissal of Non-appearing Defendants without prejudice for failure to prosecute, and entry of judgment in the action.

  **IT IS SO ORDERED.**

Dated: February 20, 2026

RITA F. LIN
United States District Judge